DEUTSCHE BANK SECURITIES INC., Janet Sible, Mark Westhoff, Michael Jacoby, Mary Ann Coleman, Michael Raphael, J. Ralph Parker, Nancy Fahmy, DB Alex.Brown LLC, Plaintiffs-Counter-Defendants-Appellees,

v.

Thomas M. ROSKOS, Jr., Dr. Thomas Roskos, Sr., Brion Applegate, Eddy Aslanian, Tom Jermoluk, Defendants-Counter-Claimants-Counter-Defendants-Appellants,

---

* Judge Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

Val Vaden, Lilli J. Rey, Defendants-
Counter-Claimants-Counter-
Defendants.

16-3085-cv

United States Court of Appeals,
Second Circuit.

June 5, 2017

FOR PLAINTIFFS-COUNTER-DE-
FENDANTS-APPELLEES: Allan N.
Taffet (Keith Blackman, on the brief),
Duval & Stachenfeld LLP, New York, NY.

FOR DEFENDANTS-COUNTER-
CLAIMAINT-COUNTER-DEFEN-
DANTS-APPELLANTS: Scott Hessell
(Spencer Q. Friel, on the brief), Sperling &
Slater, P.C., Chicago, IL.

PRESENT: José A. Cabranes, Gerard
E. Lynch, Circuit Judges. Paul G.
Gardephe, District Judge.*

**SUMMARY ORDER**

Defendants-counter-claimants-counter-
appellants Thomas M. Roskos, Jr., *et al.*
("Appellants") appeal the August 5, 2016
judgment of the district court, granting
summary judgment to Appellees and deny-
ing Appellants' cross-motion with respect
to all Tax Shelter Participants and perma-

nently enjoining them from proceeding
with the FINRA arbitration.[1] *See Thomas
M. Roskos, Jr., et al. v. Deutsche Bank
Securities Inc., et al.,* FINRA Claim No.
14-03280. On appeal, Appellants assert that
the district court erred: (1) in holding that
they were not "customers" of the plaintiffs
under FINRA Rule 12200 and permanent-
ly enjoining the FINRA Arbitration; and
(2) in refusing to allow them to obtain
additional discovery concerning regarding
the "customer" issue. For substantially the
reasons set forth in the district court's
opinion, we find these claims to be without
merit. We assume the parties' familiarity
with the underlying facts, procedural histo-
ry of the case, and issues on appeal.

\* \* \*

We review *de novo* orders granting or
denying summary judgment pursuant to
Federal Rule of Civil Procedure 56. Sum-
mary judgment is appropriate only "if the
movant shows that there is no genuine
dispute as to any material fact and the
movant is entitled to judgment as a matter
of law." Fed. R. Civ. P. 56(a); *Tolan v.
Cotton,* —— U.S. ——, 134 S.Ct. 1861,
1866, 188 L.Ed.2d 895 (2014). A genuine
dispute of material fact exists "where the
evidence, viewed in the light most favor-
able to the nonmoving party, is such that a
reasonable jury could decide in that par-
ty's favor." *Zann Kwan v. Andalex Grp.
LLC,* 737 F.3d 834, 843 (2d Cir. 2013)
(internal quotation marks omitted). We are
required to resolve all ambiguities and
draw all inferences in favor of the nonmov-
ing party. *Id.*

A district court's discovery rulings are
reviewed for abuse of discretion. *See Moll
v. Telesector Res. Grp., Inc.,* 760 F.3d 198,

---

\* Judge Paul G. Gardephe of the United States
  District Court for the Southern District of
  New York, sitting by designation.

1. Val Vaden and Lilli J. Rey, who were defen-
   dants below, are not parties to this appeal.

Only the claims brought by Vaden against DB
Alex.Brown were allowed to proceed in the
FINRA arbitration.

**54**

204 (2d Cir. 2014). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citations omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art").

### DISCUSSION

First, the district court properly granted summary judgment to Appellees pursuant to Rule 56 of the Federal Rules of Civil Procedure since Appellants are not "customers" under FINRA Rule 12200. In *Citigroup Global Markets Inc. v. Abbar*, 761 F.3d 268, 275 (2d Cir. 2014), we held that a "customer" under FINRA Rule 12200 " is one who, while not a broker or dealer, either (1) purchases a good or service from a FINRA member, or (2) has an account with a FINRA member." *Id.* This "bright-line rule" for determining when a FINRA member must submit to arbitration controls here. Appellants did not purchase a good or service from, nor did they have an account with, either of the Deutsche Bank Entities. Instead, the loan at issue was extended by non-FINRA member, Deutsche Bank AG, and all collateral accounts were held by non-FINRA member, Deutsche Bank Private Bank. Accordingly, the district court appropriately held that the claims are not arbitrable in FINRA.

Second, we also reject Appellants' claim that the district court erred in denying leave to conduct additional discovery. In *Abbar*, we held that "[i]n most cases, th[e] definition of 'customer' can be readily applied to undisputed facts" without the need for substantial discovery. *Abbar*, 761 F.3d

at 276. Here, the district court ordered a period of "limited discovery" that included 55,000 pages of documents on the CARDS transactions at issue. In accordance with *Abbar*, no further discovery is necessary to conclude that Appellants are not "customers" under FINRA Rule 12200. We therefore hold that the district court did not abuse its discretion in denying Appellants' request for additional discovery.

### CONCLUSION

We have considered all of the arguments on appeal and found them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**